# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## CHRIS ALLEN DYKES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 15105    Robert Crigler, Judge**

---

**No. M2005-00948-CCA-R3-PC - Filed February 1, 2006**

---

The Petitioner, Chris Allen Dykes, appeals the trial court's denial of his motion to reopen his petition for post-conviction relief. The trial court found the petition to be untimely filed. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Chris Allen Dykes, pro se, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The record on appeal does not include the judgment by which the Petitioner is confined, but it appears from the record that the Petitioner was convicted of facilitation of first degree murder, and he was sentenced on September 22, 1999. On July 5, 2002, The Petitioner filed a petition for post-conviction relief, which was dismissed without a hearing by the post-conviction court on July 22, 2002, because it found that the petition was untimely. The Petitioner did not seek an appeal of that order to this Court. On March 28, 2005, the Petitioner filed a motion to reopen his post-conviction petition in which he alleged that he was not informed that he had a right to appeal the original dismissal of his post-conviction petition since the petition was dismissed without a hearing on the merits. The post-conviction court denied the motion to reopen the petition for post-conviction relief on April 6, 2005, finding that the motion and petition were not timely filed. The Petitioner filed his notice of appeal on April 18, 2005.

A review of the motion to reopen reveals that the Petitioner has failed to allege a ground upon which such motion may be granted. Section 40-30-117, Tennessee Code Annotated governs motions to reopen a post-conviction petition. A motion to reopen a prior post-conviction petition may only be filed if the petitioner alleges that: (1) a final ruling of an appellate court establishes a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is required; or (2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offense(s); or (3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid. Tenn. Code Ann. § 40-30-117(a)(1-3). If the claim is based upon a new constitutional rule of law, the claim must be brought within one year of the ruling establishing that right. Tenn. Code Ann. § 40-30-117(a)(1). If the claim is based upon an invalid prior conviction, the claim must be brought within one year of the ruling holding the prior conviction invalid. Tenn. Code Ann. § 40-30-117(a)(3).

In the case under submission, the Petitioner did not allege any of these circumstances in his motion to reopen his petition for post-conviction relief, and the record does not evince that any of these circumstances exist.

Further, the Petitioner's petition was properly dismissed based upon the fact that it was untimely filed. Tennessee Code Annotated section 40-30-102(a) (2003) provides that a petition for post-conviction relief must be filed within one year from final judgment. Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are set forth. These exceptions include: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003). The Petitioner filed his petition beyond that time allowed by the statute, and none of the exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b).

Accordingly, the State's motion is hereby granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE